DECISION
The State of Rhode Island has charged defendant, William O'Connor, Jr., with violating G.L. 1956 § 31-27-2, the "DUI" statute, for driving under the influence of alcohol. Defendant filed a motion to dismiss the charge on the ground that Superior Court lacks subject matter jurisdiction to decide the issue. The State objects to this argument. This case was initiated in Rhode Island District Court and then transferred to Superior Court pursuant to Dist. R. Crim. P. 23.
 FACTS/TRAVEL
On July 14, 2002, Rhode Island state troopers stopped defendant William O'Connor while he was operating a motor vehicle on the suspicion that he was driving while intoxicated. Defendant subsequently refused a blood alcohol concentration (BAC) test. As a result, no evidence exists to prove the precise amount of alcohol in defendant's blood stream. Although this was defendant's first offense, he was charged with a misdemeanor count of driving under the influence, pursuant to G.L. 1956 §31-27-2(b)(3)(i). If permitted, the State would attempt to prove defendant was driving under the influence with "other admissible evidence . . . that [defendant] was under the influence of intoxicating liquor . . . to a degree which rendered [him] incapable of safely operating a vehicle," pursuant to the statute.
 ARGUMENTS
Defendant argues that this Court has jurisdiction only to determine misdemeanor charges under this statute, and that G.L. 1956 §31-27-2(b)(3)(i) authorizes the State to charge only persons who drive under the influence with a misdemeanor when they have a BAC of .10% or higher. Since the State cannot prove that defendant had a BAC of at least .10%, defendant argues that this Court does not have subject matter jurisdiction and therefore must dismiss the case.
The State argues that BAC evidence is not necessary to prove a misdemeanor charge of driving under the influence, but rather, the State can prove the charge with other admissible and competent evidence that the person was incapable of safely operating a vehicle. In support of this argument, the State relies on State v. DiCicco, 707 A.2d 251 (R.I. 1998), which, the State argues, stands for the proposition that a conviction under this statute can be sustained even in the absence of a BAC test and even with test results showing a BAC level lower than .10%. The State suggests that the lack of any specified penalty in the statute for charges brought in situations where no BAC levels exist is irrelevant, because such situations are covered by § 31-27-13(c)'s "catchall" provision. For the reasons that follow, this Court rejects the State's arguments.
 ANALYSIS
Section 31-27-2(h) of the General Laws grants jurisdiction to the traffic tribunal to decide civil drunk driving violations under §31-27-2, while jurisdiction over misdemeanor violations under the same section remains with the district court. Recognizing that this Court may only hear misdemeanor cases properly transferred from district court,[1]
the remaining issue to be decided is whether § 31-27-2, the DUI statute, permits the State to charge defendant with a misdemeanor, as opposed to a civil violation, when the State has no proof of his blood alcohol concentration. If the answer to that inquiry is no, then this Court has no jurisdiction to hear the case.
The relevant provisions of the statute at issue, § 31-27-2(a), (b)(1), and (3)(i) create essentially three categories of persons who drive under the influence: (1) first time offenders with a BAC between .08% and .10%, (2) multiple offenders or those first time offenders with a BAC in excess of .10%, and (3) offenders who are incapable of safely operating a vehicle due to the influence of alcohol who have either refused a blood alcohol test or whose blood alcohol concentration is below the established limits. Section (3)(i) specifies that first time offenders with a BAC between .08% and .10% shall be charged with a civil violation, whereas multiple offenders or operators with a BAC in excess of .10% shall be charged with a criminal misdemeanor. The statute, however, does not specify whether a person driving under the influence who fails to take a BAC test, or whose BAC is below .08% yet who is incapable of safely operating a vehicle, should be charged with a civil violation or a criminal violation. The case at hand represents the latter set of circumstances. Since § 31-27-2(h) confers this Court with jurisdiction to hear misdemeanor charges only, not civil violations, the resolution of this matter depends on whether the statute should be interpreted to categorize the aforementioned situations as misdemeanors or as civil violations.
The Court is well aware that prior to 2000, the defendant could have rightfully been charged with a misdemeanor, as no civil penalties existed under the statute at that time and all violations of § 31-27-2.3, whether proven by BAC or other evidence, were misdemeanors. Indeed, the Rhode Island Supreme Court addressed this exact issue in State v.Dicicco, 707 A.2d 251 (R.I. 1998), where it applied age-old principles of statutory construction in determining that under the statute as it existed, a blood alcohol level of .10% or higher was not an essential element of a criminal prosecution for driving under the influence. A person could be convicted of a misdemeanor count of driving under the influence with other evidence that he or she was incapable of safely operating a vehicle. Id. at 255-256. The statutory scheme interpreted byDicicco, however, has since been amended. All offenses under the previous statute, whether proven by BAC testing or by observation coupled with other admissible evidence, constituted criminal misdemeanors. The amendments of 2000, however, while lowering the permissible BAC limit to .08%, failed to implement the statutory scheme of classifying all violations of this statute as misdemeanors. Instead, the amendments created a category of civil infractions triable in the traffic tribunal for those first offenders with a BAC between .08% and .10%. Though the amendment did not change or eliminate the provision allowing for driving under the influence to be proven by admissible evidence other than BAC levels, it failed to specify whether that category of offenders should be charged civilly or criminally.
The resolution of this issue lies in statutory interpretation. When interpreting penal statutes, the Court must strictly construe the statute in favor of the party upon whom a penalty is to be imposed. State v.Vincent A. Ceraso, 812 A.2d 829, 834 (R.I. 2002). As a result, this Court must resolve any ambiguity in favor of the defendant. This fundamental tenet of statutory construction guides this Court's determination of the issues in this case.
As previously stated, the statute itself does not specify whether the State could charge defendant with a misdemeanor or a civil violation. On its face, however, the statute does authorize misdemeanor charges for both multiple offender and first time offenders with a BAC level in excess of .10%. Nowhere does this statute say that persons who are under the influence of alcohol to the degree that they are incapable of operating a vehicle are guilty of a misdemeanor. Applying the foregoing principle of strict construction, this statute must be read to limit misdemeanors to those contemplated by the text of the statute itself. As such, the statute only permits misdemeanor charges where the State can prove a BAC in excess of .10%. Absent the requisite evidence necessary to establish an element of the offense, the State cannot prosecute defendant. Therefore, this case is not properly charged as a misdemeanor and this Court lacks jurisdiction.
The Court recognizes the statutory provision permitting the State to charge and prove a violation of this section based on admissible evidence other than a BAC level. The statute simply does not permit such a charge to be brought as a misdemeanor. When the legislature amended this section in 2000, it could have chosen to incorporate the old provision's penalty scheme-classifying all violations as misdemeanors-into the new statute. Instead, it created a different penalty scheme that escalated the penalties for violating this section directly in tandem with the amount of alcohol in one's blood. The concept of creating stiffer penalties for "higher amounts" is not a new one. For example, larceny is a crime punishable by imprisonment pursuant to G.L. 1956 § 11-41-3. A conviction for larceny under $500 carries a potential prison term of up to one year. However, one who is convicted of larceny of a value exceeding $500 is subject to a potential prison term of up to ten (10) years. The penalty for larceny, therefore, directly correlates with the value of what was stolen. Another analogy may be drawn with the controlled substances statutes. Section 21-28-4.01.1 of the General Laws penalizes one who possesses between one ounce and one kilogram of heroin differently than one who possesses an amount in excess of one kilogram. The first class of offenders may be imprisoned for not less than ten (10) years, but no more than fifty (50) years, whereas the second class may be imprisoned between twenty (20) years and life. Thus, the common theme running throughout these statutes is that the penalties increase as the amount of goods stolen or contraband possessed increases. The value of goods stolen or contraband possessed is determinative of the charge, and hence, the penalty. Similarly, when the legislature amended the instant statute, it created escalating penalties in accordance with the offender's BAC. Absent evidence to prove defendant's blood alcohol level exceeded .10%, the State can not subject him to a penalty for those whose blood alcohol exceeds .10%.
The State argues that, although the statute itself does not authorize misdemeanor charges in this case, § 31-27-13(c), the "catchall provision," grants authority to penalize such situations as a misdemeanor. That provision states that "unless another penalty is provided by [this statute], every person convicted of a misdemeanor violation of these chapters shall be punished by a fine [and/or] . . . imprisonment." The State's interpretation attempts to bootstrap the authority to charge defendant with a misdemeanor on a catch-all provision providing penalties for misdemeanors. A plain reading of the statute evidences the fact that this provision does not apply until a person has been convicted of a misdemeanor. The central issue in this case is whether or not defendant was properly charged with a misdemeanor. The State cannot place the cart before the horse and use the catch-all misdemeanor penalty provision to justify its misdemeanor charge.
It is the opinion of this Court that while § 31-27-2 does not classify DUI offenses proven by "other admissible evidence" as either civil violations or misdemeanors, another statutory provision does. Section 31-27-13(b), entitled "Nature of offenses-Penalty" contemplates the situation confronting this Court. That provision states that unless a violation under the chapter and title at issue is declared to be a felony or a misdemeanor, it is to be classified as a civil violation. Section31-27-2 does not specify that a DUI charge brought without proof of a BAC level is a misdemeanor. Therefore, the default provision of § 31-27-13
is triggered, resulting in the offense's classification as a civil violation. As previously discussed, the traffic tribunal retains jurisdiction over civil violations. Therefore, this Court finds that this case is not properly before this Court and must be dismissed.
 CONCLUSION
Applying principles of strict statutory construction, this Court interprets the current DUI statute, G.L. 1956 § 31-27-2, to require scientific evidence of a blood alcohol level that exceeds .10% in order for the State to levy a misdemeanor charge. Since the State has no evidence of defendant's blood alcohol level on the night of July 14, the State improperly charged defendant with a misdemeanor instead of a civil violation. As this Court has no jurisdiction over the latter, this charge is improperly before the Court and is therefore dismissed.
[1] This case, originally brought in district court, was properly transferred to this Court pursuant to Dist. R.Crim.P. 23.